
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAL HODGINS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JEFF NIENDORF,<br><br>　　　　　　Defendant. | CASE NO. 2:22-cv-00602-TL<br><br>ORDER OF REMAND |

This matter comes before the Court on Plaintiff Hal Hodgins' motion to remand (send back) this case to Snohomish County Superior Court (Dkt. No. 8), to which Defendant Jeff Niendorf filed no response. Having reviewed the relevant record, the Court GRANTS the motion to remand but declines to award attorney fees to Plaintiff.

## I. BACKGROUND

Defendant Jeff Neindorf was, until recently, a tenant of property owned by Plaintiff Hal Hodgins. Dkt. No. 8 at 5, 6. Plaintiff brought a case in Snohomish County Superior Court for unlawful detainer to evict Defendant "due to Plaintiff's desire to no longer own the subject

property." *Id*. at 2, 5. Defendant was served with the complaint and summons on March 25, 2022. Dkt. No. 8-1.

On May 5, 2022, Defendant filed an application to proceed *in forma pauperis* (without payment of a filing fee) to this Court along with a notice of removal. Dkt. No. 1. The *in forma pauperis* application noted that Defendant had been through open heart surgery in the past month, resulting in "massive" medical bills and requiring him to reduce his work hours. *Id*. at 1.

Defendant is proceeding without an attorney (*pro se*). On the notice of removal, Defendant lists the following as grounds for removal: "42 U.S.C. 264(e), (42 U.S.C. 264) and 42 CFR 70.2, 5 U.S.C. 553(b)(3)(B), and criminal penalties under 18 U.S.C. 3559, 3571; 42 U.S.C. 243, 268, 271; and 42 CFR 70.18." Dkt. No. 4 at 1. Defendant also appears to be claiming that Plaintiff's service violates the federal constitution as well as standing orders from the "CDC, White House and Federal Register." *See id*. at 2.

On May 6, 2022, the superior court entered judgment in favor of Plaintiff and ordered the immediate issuance of a Writ of Restitution to restore Plaintiff to possession of the premises that had been occupied by Defendant. Dkt. No. 8-3 at 4.

On May 9, 2022, United States Magistrate Judge S. Kate Vaughan granted *in forma pauperis* status to Defendant but recommended further judicial review under 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 3.

## II. DISCUSSION

### A. Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, meaning that they can only hear certain types of cases. *Home Depot U.S.A., Inc. v. Jackson*, 139 S.Ct. 1743, 1746 (2019) (internal citation omitted). The party seeking removal "bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir.

2015). There are two main bases for removal from state to federal court: (1) where a complaint presents a federal question, 28 U.S.C. § 1441(a), or (2) where there is diversity jurisdiction, 28 U.S.C. §1441(b). A federal question is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Defendant attempts to raise defenses based in federal law; however, the relevant question for the Court at this stage is whether the *complaint* is eligible for removal. A defendant cannot remove an action to federal court based on a federal question raised in a defense, a counterclaim, or a cross-claim. *City of Oakland v. BP PLC*, 969 F.3d 895, 903–04 (9th Cir. 2020), *cert. denied sub nom. Chevron Corp. v. City of Oakland, Calif.*, 141 S.Ct. 2776 (2021) ("federal jurisdiction depends solely on the plaintiff's claims for relief") (internal citation and quotation omitted). Turning back to Plaintiff's complaint, Plaintiff raises no federal law claims and only asserts landlord-tenant type claims that are governed by state and municipal laws. *See generally* Dkt. No. 4-1 at 1–2.

Moreover, there is no evidence in the record establishing diversity jurisdiction. *See* Dkt. No. 1-6 at 1 (civil cover sheet noting that both Plaintiff and Defendant are Washington citizens). Even if there were, Defendant is unlikely to be able to remove this case to federal court because it appears that he is being sued in his home state. *Id*. Removal cannot occur "where the plaintiff is suing in the defendant's home state, even if the parties are diverse." *See, e.g.*, *Marchegiani v. Stellwagon*, No. C19-5796-RBL, 2019 WL 4894554, at *2 (W.D. Wash. Oct. 4, 2019).

**B.     Untimeliness**

Plaintiff notes that Defendant's removal, even if proper, is untimely. Under federal statute, a civil action must be removed within thirty days of service upon the defendant. 28 U.S.C. § 1446(b)(1). Because Defendant was served with the complaint and summons on March 25, 2022, Dkt. No. 8 at 3, his attempt at removal more than forty days later is untimely. While

the Court is sympathetic to the fact that Defendant appears to have had heart surgery during this period, Defendant did file an answer to Plaintiff's complaint within thirty days of service of the complaint. Dkt. No. 8-2. Further, even if the removal were timely, the two other grounds discussed in this order would still result in the denial of Defendant's removal request and a remand to state court.

### C. Mootness

Plaintiff supplies yet another reason to remand the case: The superior court has already ordered eviction, and Defendant has already moved out of the subject property. Dkt. No. 8 at 6. Plaintiff claims that "this filing became moot even prior to the Defendant filing for removal." *Id*.

Federal courts lack authority to render opinions "upon moot questions." *Church of Scientology of Calif. v. United States et al.*, 506 U.S. 9, 12 (1992). A case becomes moot when there are no longer "live" issues before the court. *See, e.g., Reclaim Idaho v. Little*, 826 Fed.Appx. 592, 594 (9th Cir. 2020) (internal citations omitted). Where a tenant has been evicted, their request to prevent that eviction becomes moot. *See Diaz v. Nat'l City Bank*, No. 12-cv-1393-MMA(NLS), 2012 WL 2129916, at *1 (explaining that an unlawful detainer action would be mooted if plaintiffs had already been evicted).

### D. No Fees Shall Be Awarded

Plaintiff requests attorney fees for time spent seeking remand, claiming "[t]he only reason Defendant chose to remove this case is to prolong litigation and impose additional costs on the Plaintiff." Dkt. No. 8 at 6.

Per statute, a remand order "*may* require" payment of attorney fees by the removing party. 28 U.S.C. § 1447(c) (emphasis added). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "In

applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id*. The objective reasonableness of removal depends on whether the applicable law "clearly foreclosed" the arguments in support of removal. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066–67 (9th Cir. 2008). Still, when "determining whether to award attorneys' fees in cases involving improper removal by a pro se defendant, courts accord significant weight to the defendant's lack of representation." *IH2 Property Wash. LP v. Kyung Chai Leem*, No. C13-1736-RSL, 2014 WL 294545, at *2 (W.D. Wash. Jan. 24, 2014).

Here, there is no evidence that *pro se* Defendant was aware that there was no proper basis for federal jurisdiction when he removed the case. The Court also granted him *in forma pauperis* status, in recognition of his inability to pay the federal court filing fee. Dkt. No. 3. Defendant has just lost his home, has been in ill health, and has had to reduce his work hours even though he has large medical bills to pay due to his recent surgery. Dkt. Nos. 8 at 6; 1 at 1–2. Awarding attorney fees to Plaintiff under these circumstances would be inequitable.

### III.   CONCLUSION

For these reasons, the Court does not have the power to hear this case. The Court GRANTS Plaintiff's motion for remand and REMANDS this case to Snohomish County Superior Court. Plaintiff shall not be awarded any fees.

Dated this 1st day of July 2022.

Tana Lin
United States District Judge